**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| COMMUNITIES FOR A GREAT NORTHWEST, MOUNTAIN STATES LEGAL FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>Defendants. | Case No. 1:06-CV-01842-RCL<br><br>**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Federal Defendants provide the following Answer to the allegations contained in Plaintiffs' Complaint for Declaratory and Injunctive Relief:

1.      The first sentence of Paragraph 1 is a description of Plaintiffs' action, to which no response is required.  The second sentence purports to describe the contents of a February 9, 2004 biological opinion ("2004 BiOp"), which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language of that document.

2.      Paragraph 2 purports to describe the contents of the 2004 BiOp, which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language of that document.

3.      Defendants deny the allegations in Paragraph 3.

4.      Paragraph 4 consists of a characterization of Plaintiffs' action, to which no response is required.

5.      The first and second sentences of Paragraph 5 purport to characterize several

1

United States Forest Service management plans, which are documents that speak for themselves and constitute the best evidence of their contents. Defendants deny any allegation contrary to the plain language of those documents. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the third sentence.

6.      Paragraph 6 consists of a description of Plaintiffs' requested relief, to which no response is required.

## JURISDICTION AND VENUE

7.      Paragraph 7 consists of conclusions of law to which no response is required.

8.      Paragraph 8 consists of conclusions of law to which no response is required.

9.      As to the allegations in Paragraph 9, Defendants admit that Plaintiffs provided Defendants with a notice of intent to sue in a letter dated August 15, 2006 and that Defendants received the letter by August 23, 2006. The remaining allegations set out in Paragraph 9 consist of conclusions of law, to which no response is required. To the extent a response is required, those allegations are denied.

## PARTIES

10.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.     Defendants deny the allegations in Paragraph 13.

14.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 regarding lands that Plaintiffs' members use or intend to use. Defendants deny the allegations that the U.S. Fish and Wildlife Service (FWS) has violated the Endangered Species Act, and that any violations have adversely affected Plaintiffs' members.

15.     Defendants admit the allegations in Paragraph 15.

16.     Defendants admit the allegations in Paragraph 16.

17.     Defendants admit the allegations in Paragraph 17.

18.     Defendants admit the allegations in Paragraph 18.

19.     Defendants admit the allegations in Paragraph 19.

20.     Defendants admit the allegations in Paragraph 20.

## FACTUAL BACKGROUND

21.     Defendants admit the allegations in the first sentence of Paragraph 21.  The second sentence purports to characterize the contents of a Federal Register notice, which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegation inconsistent with that document's plain language.  Defendants admit the allegations in the third sentence.

22.     Defendants admit the allegations in Paragraph 22.

23.     Paragraph 23 purports to characterize the contents of memoranda written in 1979 and 1986.  These memoranda are documents that speak for themselves and that constitute the best evidence of their contents.  Defendants deny any allegation inconsistent with those documents' plain language.

24.     Defendants admit the allegations in Paragraph 24.

25.     Paragraph 25 purports to characterize the contents of a 1986 memorandum, which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegation inconsistent with that document's plain language.

26.     Defendants admit the allegations in Paragraph 26 that FWS did not publish the 1986 memorandum, and did not provide for public notice and comment on it.  The remaining allegations purport to characterize the contents of the 1986  memorandum, which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegation inconsistent with that document's plain language.

27.    The allegation in the first sentence of Paragraph 27 that "the ESA requires the use of the entire listed species when the FWS makes its jeopardy determination" is a conclusion of law to which no response is required.  The allegation in the first sentence that "FWS policy required the same" purports to characterize the contents of an unspecified FWS policy, which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegations inconsistent with that document's plain language.  The remainder of the paragraph purports to characterize the contents of the 1986 memorandum, which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language of that document.

28.    Paragraph 28 purports to characterize the contents of the 1986 memorandum, which is a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language of that document.

29.    Paragraph 29 purports to characterize the contents of the 1986 memorandum, which is a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language of that document.

30.    Defendants admit the allegations in Paragraph 30.

31.    The first sentence of Paragraph 31 purports to characterize the contents of the 1982 and 1993 grizzly bear recovery plans, which are documents that speak for themselves and constitute the best evidence of their contents.  Defendants deny any allegations inconsistent with those documents' plain language.  Defendants admit the allegations in the second sentence.

32.    Paragraph 32 purports to characterize the contents of the 1993 recovery plan, which is a document that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegations inconsistent with the document's plain language.

33.    Defendants admit the allegations in Paragraph 33.

34.    Paragraph 34 purports to characterize the contents of the 2004 BiOp, which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants

4

deny any allegations inconsistent with the document's plain language.

35.    Paragraph 35 purports to characterize the contents of the 2004 BiOp, which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegations inconsistent with the document's plain language.

36.    Paragraph 36 purports to characterize the contents of the 2004 BiOp, which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegations inconsistent with the document's plain language.

37.    Paragraph 37 purports to characterize the contents of the 2004 BiOp, which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegations inconsistent with the document's plain language.

38.    Paragraph 38 purports to characterize the contents of the 2004 BiOp, which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegations inconsistent with the document's plain language.

39.    Paragraph 39 purports to characterize the contents of a March 2004 Forest Service Record of Decision, which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegations inconsistent with the document's plain language.

40.    Paragraph 40 purports to characterize the contents of a March 2004 Forest Service Record of Decision, which is a document that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegations inconsistent with the document's plain language.

41.    Defendants deny the allegations in Paragraph 41.

42.    Paragraph 42 purports to characterize the contents of several Forest Service planning documents, which are documents that speak for themselves and constitute the best evidence of their contents.  Defendants deny any allegations inconsistent with the documents' plain language.

5

43. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

## FIRST CLAIM FOR RELIEF

45. Defendants incorporate their responses to the allegations in Paragraphs 1-44 as if fully set forth herein.

46. The first sentence of Paragraph 46 purports to describe the Administrative Procedure Act (APA), a statute that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegation inconsistent with the statute's plain language. The second sentence consists of a conclusion of law to which no response is required.

47. Paragraph 47 purports to describe purposes and requirements of the ESA, a statute that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegation inconsistent with the statute's plain language.

48. Paragraph 48 purports to describe purposes and requirements of the ESA, a statute that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegation inconsistent with the statute's plain language.

49. Paragraph 49 purports to quote definitions in the ESA, a statute that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegation inconsistent with the statute's plain language.

50. Paragraph 50 purports to quote a definition in the ESA, a statute that speaks for itself and constitutes the best evidence of its contents. Defendants deny any allegation inconsistent with the statute's plain language.

51. Paragraph 51 purports to describe requirements of the ESA and its implementing regulations. The statute and regulations speak for themselves and constitute the best evidence of their contents. Defendants deny any allegation inconsistent with their plain language.

52. Paragraph 52 purports to describe requirements of the ESA and its implementing

6

regulations.  The statute and regulations speak for themselves and constitute the best evidence of their contents.  Defendants deny any allegation inconsistent with their plain language.

53.     Paragraph 53 purports to describe the contents of the ESA and its implementing regulations.  The statute and regulations speak for themselves and constitute the best evidence of their contents.  Defendants deny any allegation inconsistent with their plain language.

54.     Paragraph 54 purports to describe the content of regulations implementing the ESA.  These regulations speak for themselves and constitute the best evidence of their contents. Defendants deny any allegation inconsistent with their plain language.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

## SECOND CLAIM FOR RELIEF

57.     Defendants incorporate by reference their responses to the allegations in Paragraphs 1-56 as if fully set forth herein.

58.     Paragraph 58 purports to describe requirements of the ESA, a statute that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegation inconsistent with the statute's plain language.

59.     Paragraph 59 purports to describe requirements of the ESA, a statute that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegation inconsistent with the statute's plain language.

60.     Paragraph 60 purports to describe requirements of the ESA, a statute that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegation inconsistent with the statute's plain language.

61.     Paragraph 61 purports to quote the APA, a statute that speaks for itself and constitutes the best evidence of its contents.  Defendants deny any allegation inconsistent with the statute's plain language.

62.     Defendants deny the allegations in Paragraph 62.

7

63.     Paragraph 63 consists of conclusions of law to which no response is required.

64.     Defendants deny the allegations in Paragraph 64.

The remainder of the Complaint consists of a prayer for relief to which no response is required. To the extent that a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

## Affirmative Defenses

1.     This Court lacks subject matter jurisdiction to hear one or more of Plaintiffs' claims.

2.     Venue may not be proper in this district or may be more appropriate in another district.

3.     Plaintiffs lack standing to present these claims.

## General Denial

Federal Defendants hereby deny any allegations of Plaintiffs' Complaint, whether express or implied, that are not otherwise specifically admitted, denied, or qualified herein. Federal Defendants deny that Plaintiffs are entitled to the relief requested, or any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for Federal Defendants, and that Federal Defendants' costs be allowed and such other and further relief as the Court may allow.

Respectfully submitted,

Dated: December 20, 2006

SUE ELLEN WOOLDRIDGE, Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, Assistant Section Chief

/s/ James A. Maysonett

_____
JAMES A. MAYSONETT, Trial Attorney (D.C. Bar 463856)
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7397
Washington, D.C. 20044-7397
Telephone: (202) 305-0216
Facsimile: (202) 305-0275
Attorneys for Federal Defendants