Ronald W. Opsahl, Esq.
William Perry Pendley, Esq.
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
ropsahl@mountainstateslegal.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMUNITIES FOR A GREAT NORTHWEST, and MOUNTAIN STATES LEGAL FOUNDATION,<br><br>       Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>       Defendants,<br><br>and<br><br>CABINET RESOURCE GROUP, *et al.*,<br><br>       Applicants in Intervention. | Case No. 1:06-CV-01842-RCL<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE** |

Plaintiffs, Communities for a Great Northwest and Mountain States Legal Foundation (collectively "CGNW"), by and through their attorneys, hereby file their Opposition to the Motion to Intervene filed by the Cabinet Resource Group, Great Bear Foundation, Idaho Conservation League, Selkirk Conservation Alliance, Natural Resources Defense Council, and Defenders of Wildlife ("Applicants") (Doc. No. 16). Applicants have failed to meet their burden to demonstrate the requirements for intervention as a matter of right or permissive intervention,

as required by Rule 24 of the Federal Rules of Civil Procedure. Therefore, their Motion should be denied.

## ARGUMENT

**I.    Introduction.**

On October 26, 2006, CGNW filed suit against Defendants challenging the Fish and Wildlife Service's practice of utilizing subpopulations of grizzly bear as the basis for its jeopardy determinations under the consultation requirements of the Endangered Species Act ("ESA"), specifically in regards to the 2004 Biological Opinion issued relating to motorized access in the Lolo, Kootenai, and Idaho Panhandle National Forests ("2004 BiOp"). CGNW also challenges a 1986 memorandum that establishes the practice of utilizing subpopulations of grizzly bear, which are not themselves listed pursuant to the ESA, in jeopardy determinations. On December 20, 2006, Defendants filed their Answer to CGNW's Complaint.

On January 2, 2007, the Court issued its Order requiring the Parties to conduct a meet and confer conference, pursuant to Local Rule 16, and to file a proposed scheduling order on or before January 29, 2007. The Parties conferred on January 17, 2007, and filed their proposed schedule on January 26, 2007. This Court issued its scheduling order on January 29, 2007.

On January 23, 2007, after the Defendants had filed their Answer and after the Parties had completed their Rule 16 conference, Applicants filed their Motion to Intervene. Applicants, however, have failed to meet their burden to demonstrate that the requirements for intervention have been met in this case. Applicants' Motion is untimely, having been filed after Defendants' Answer and the Rule 16 conference. Further, Applicants have failed to demonstrate that the United States will not adequately represent the Applicants' interests in defending the 2004 BiOp. Indeed, while Applicants may have the same objective as Defendants in this case, *i.e.*, to defend

the 2004 BiOp, Applicants, by their own admission, are also involved in a separate lawsuit seeking to have the 2004 BiOp declared unlawful and set aside. Memo. of Points and Authorities in Support of Motion of Cabinet Resource Group, *et al.*, to Intervene at 1–2 ("Intervention Memo.") (Doc. No. 16); *see Cabinet Resource Group v. United State Fish and Wildlife Serv.*, No. 04-236-M-DWM (D. Mont. Dec. 13, 2006) (Notice of Appeal filed January 10, 2007). Thus, Applicants ask to intervene to defend the 2004 BiOp so that they can then have it declared unlawful in their Montana case and Ninth Circuit appeal.

## II.     Applicants are Not Entitled to Intervene as a Matter of Right.

Federal Rule of Civil Procedure 24(a)(2), entitled "Intervention of Right," provides:

> Upon timely application anyone shall be permitted to intervene in an action: . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2). For an applicant to intervene as of right, it must show that its motion is timely, that it has an interest in the subject property or transaction, that its interest will be impaired if the proceeding progresses without the applicant, and that it is now inadequately represented. *See National Wildlife Fed'n v. Burford*, 878 F.2d 422, 433 & n.15 (D.C. Cir.1989), *rev'd on other grounds sub nom. Lujan v. National Wildlife Fed'n*, 497 U.S. 871 (1990). Applicants have failed this showing.

### A.     Applicants' Motion to Intervene is Untimely.

While this Court has much latitude in assessing the timeliness of a motion, it must properly take account of the considerations relevant to that determination. In particular, timeliness is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is

sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case. *United States v. AT&T*, 642 F.2d 1285, 1295 (D.C.Cir.1980).

Applicants cite *Fund for Animals*, 322 F.3d at 735, to argue that their intervention application is timely; however, in *Fund for Animals*, the D.C. Circuit held that an intervention motion was timely when it was filed before the defendants filed their answer. *Id.* Such is not the case here, as Applicants have waited more than a month after an Answer was filed. Moreover, Applicants sat on their hands until after the Parties conducted their Rule 16 conference, despite that they had already discussed the possibility of intervening with Defendants.[1] Applicants' Motion is untimely and should be denied.

> B. **Applicants Do Not Have a Legally Protected Interest In Defending the 2004 BiOp Only to Challenge It In Another Case.**

Applicants argue that they seek intervention as the only means of protecting their interest against CGNW's legal challenges; however, as discussed above, Applicants and CGNW actually seek the same relief, to have the 2004 BiOp declared unlawful and set aside, albeit in two separate suits. This Circuit has held that a reviewing court should consider "the 'practical consequences' of denying intervention, even where the possibility of future challenge to the regulation remain[s] available." *Fund for Animals v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (internal citation omitted). In *Fund for Animals*, the Court continued, "Regardless of whether [the proposed intervenors] could reverse an unfavorable ruling by bringing a separate lawsuit, there is no question that the task of reestablishing the status quo if [the plaintiff] succeeds . . . will be difficult and burdensome." *Id.* Such is not the case here. If CGNW obtains the relief

---

[1] Applicants apparently discussed intervention with Defendants on January 12, 2007, but waited nearly two weeks before it contacted CGNW on January 23, 2007. Motion of Cabinet Resource Group, *et al.*, to Intervene at 2 (Doc. No. 16).

that it seeks, *i.e.*, the setting aside of the 2004 BiOp, Applicants get the relief that they seek in their Montana litigation and Ninth Circuit appeal, *i.e.*, the setting aside of the 2004 BiOp. Thus, Applicants' Motion should be denied.

### C.     Applicants' Purported Interests Are Adequately Represented by a Party.

Assuming Applicants show a legally protected interest, they are not entitled to intervene as of right unless they can demonstrate that their interests may not be adequately represented by an existing party. *See Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972); *Natural Resources Defense Council v. Costle*, 561 F.2d 904, 911 (D.C. Cir. 1977). Although this burden is "minimal," *see id.*, Applicants have failed to make any showing whatsoever that their interests would not be adequately represented by the United States. Instead, Applicants make the bald assertion that Defendants may not adequately represent their interests and may not adequately defend the 2004 BiOp. Intervention Memo. at 13–14. This assertion fails for several reasons, not the least of which is that Defendants have already successfully defended the 2004 BiOp against two legal challenges—one by Applicants and the other by a separate group of environmental plaintiffs—which sought to set aside the BiOp. *See Cabinet Resource Group v. United States Fish and Wildlife Serv.*, No. 04-236-M-DWM (D. Mont.) (appeal filed on January 10, 2007); *Alliance for the Wild Rockies v. United States Fish and Wildlife Serv.*, No. 04-216-M-DWM (D. Mont.), No. 06-35936 (9th Cir.) (appeal filed October 25, 2006).

Applicants state:

> The divergence between Applicants' and the defendants' interest is most stark with regard to Applicants' interest in obtaining relief in their Ninth Circuit lawsuit. Defendants have no incentive to further Applicants' objectives in an action in which defendants and Applicants are adverse.

Intervention Memo. at 14 (emphasis added). Applicants misunderstand the test of divergent interests, and instead assert that their interest is not represented in this case because they and

5

Defendants are adverse in <u>another case</u>.  Moreover, Applicants imply that Defendants will not zealously defend the 2004 BiOp here because Applicants are seeking to have it set aside in the Ninth Circuit; this assertion borders on the absurd.  Essentially, Applicants are saying that the United States is going to capitulate in this case simply out of spite for the environmental plaintiffs, which includes Applicants, in the Ninth Circuit and District of Montana suits.  Even if this assertion were true, Applicants are adequately represented by a party in this case—the Plaintiffs, CGNW.

Nonetheless, Applicants cite three cases as illustrating that the United States may not adequately represent their interests:  *Trbovich*, *Dimond v. District of Columbia*, and *Fund for Animals*.  All three are distinguishable.  In *Trbovich*, the Secretary of Labor was charged with two functions:  1) representing labor union members seeking to enforce statutory rights and 2) ensuring union elections were fair.  *Trbovich*, 404 U.S. at 538–39.  Because the Secretary essentially wore two hats, the Supreme Court held that he may not adequately represent the interests of the proposed intervenor; therefore, intervention should have been granted.  *Id.*  Such is not the case here.  Defendants in this case are specifically charged with conserving endangered species and implementing the ESA.  There is no duel role preventing Defendants from adequately defending the legal challenge posed by CGNW.

In *Dimond*, the D.C. Circuit permitted intervention because the intervenor, State Farm Insurance Co., sought to protect a "more 'parochial' financial interest," not shared by the District of Columbia, which was protecting the general interest of its citizens.  *Dimond*, 792 F.2d 179, 192–93 (D.C. Cir. 1986).  Here, Applicants' interest is the same as that protected by the United States, *i.e.*, the conservation of endangered species and the defense of the 2004 BiOp.

Finally, in *Fund for Animals*, the D.C. Circuit held that the United States may not adequately represent the interests of the proposed intervenors. *Fund for Animals*, 322 F.3d at 736. However, the intervenors in that case represented foreign interests, *i.e.*, the interests of the people of Mongolia, in a case in which Mongolian wildlife was proposed to be imported into the United States. *Id.* Clearly, the United States government may not represent the interests of citizens of foreign countries and intervention was proper in that case. Here, however, the Applicants' members are United States citizens concerned with a domestic wildlife issue. Thus, *Fund for Animals* is inapposite here.

Moreover, Defendants in this case are the very agencies charged by Congress with the application of the ESA. In fact, the agencies are the purported "experts" in the area of the ESA. Thus, Defendants are uniquely qualified to defend this suit, as they have already successfully defended two challenges to the BiOp; Applicants would add little to that defense.

**III.     Applicants Are Not Entitled to Permissive Intervention.**

Rule 24(b) of the Federal Rules of Civil Procedure provides:

> Upon timely application anyone may be permitted to intervene in an action: . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

As an alternative, Applicants seek permissive intervention. For the reasons stated above, permissive intervention is also unwarranted and Applicants' Motion should be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs, Communities for a Great Northwest and Mountain States Legal Foundation, respectfully request that Applicants' Motion to Intervene be denied.

DATED this 5th day of February, 2007.

7

Respectfully Submitted By:

MOUNTAIN STATES LEGAL FOUNDATION


/s/ Ronald W. Opsahl
Ronald W. Opsahl, Esq.
William Perry Pendley, Esq.
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 5th day of February 2007, I filed the attached Plaintiffs' Opposition to Motion to Intervene electronically through the CM/ECF system, which caused the following to be served by electronic means:

James A. Maysonett, Esq.
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7397
Washington, D.C. 20044
(202) 305-0216
(202) 305-0275 (facsimile)
james.a.maysonett@usdoj.gov

Timothy J. Preso, Esq.
Douglas L. Honnold, Esq.
Jenny K. Harbine, Esq.
Earthjustice
209 South Willson Avenue
Bozeman, Montana 59715
(406) 586-6999
(406) 586-9695 (facsimile)
tpreso@earthjustice.org

Jason Rylander, Esq.
Defenders of Wildlife
1130 17th Street NW
Washington, D.C. 20036
(202) 682-9400
(202) 682-1331 (facsimile)
jrylander@defenders.org

                                      /s/ Ronald W. Opsahl
                                      Ronald W. Opsahl, Esq.
                                      MOUNTAIN STATES LEGAL FOUNDATION
                                      2596 South Lewis Way
                                      Lakewood, Colorado 80227
                                      (303) 292-2021
                                      (303) 292-1980 (facsimile)
                                      ropsahl@mountainstateslegal.com

                                      Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMUNITIES FOR A GREAT NORTHWEST, and MOUNTAIN STATES LEGAL FOUNDATION,<br><br>  Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>  Defendants,<br><br>and<br><br>CABINET RESOURCES GROUP, *et al.*,<br><br>  Applicants in Intervention. | Case No. 1:06-CV-01842-RCL<br><br>**PROPOSED ORDER DENYING MOTION TO INTERVENE** |

Upon consideration of the Motion of Cabinet Resource Group, *et al*., to Intervene (Doc. No. 16), Plaintiffs' opposition, and the record of this case, it is hereby

ORDERED that the Motion is DENIED.

ENTERED this _____ day of _____, 2007.


_____
Royce C. Lamberth
UNITED STATES DISTRICT JUDGE