IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMUNITIES FOR A GREAT NORTHWEST, MOUNTAIN STATES LEGAL FOUNDATION,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>Defendants,<br><br>and<br><br>CABINET RESOURCE GROUP, et al.,<br><br>Proposed Defendant-Intervenors. | Case No. 1:06-CV-01842-RCL<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION OF CABINET RESOURCE GROUP, et al., TO INTERVENE** |

Plaintiffs challenge the right of Cabinet Resource Group, Great Bear Foundation, Idaho Conservation League, Selkirk Conservation Alliance, Natural Resources Defense Council, and Defenders of Wildlife (collectively, "Applicants") to intervene in this action challenging a 2004 Biological Opinion as too protective of the Cabinet-Yaak and Selkirk grizzly bear populations—the same 2004 Biological Opinion that Applicants have separately challenged as not protective enough. Plaintiffs cite no authority that supports their opposition. Indeed, the law of this Circuit universally supports intervention as of right in precisely these circumstances. Because the

1

disposition of this action may harm Applicants' interest in the Cabinet-Yaak and Selkirk grizzly bear populations, and no existing party adequately represents that interest, Applicants' motion to intervene as of right as defendants under Federal Rule of Civil Procedure 24(a), or alternatively, to intervene permissively under Rule 24(b), should be granted.

**I.     APPLICANTS SATISFY ALL CRITERIA FOR INTERVENTION AS OF RIGHT**

    **A. Applicants' Motion is Timely Because Intervention Would Not Prejudice Any Party.**

Applicants' intervention motion is timely. Far from "s[itting] on their hands," Plaintiffs' Opposition to Motion to Intervene ("Opp.") at 4, Applicants sought to intervene less than a month after they learned about the instant action and before the parties filed their proposed scheduling order. The mere passage of three months since Plaintiffs filed their complaint does not suggest that any party would be prejudiced by Applicants' intervention. See, e.g., Bossier Parish School Bd. v. Reno, 157 F.R.D. 133, 135 (D.D.C. 1994) ("[B]ecause the proposed Intervenors sought intervention early in this litigation by filing their Motion to Intervene on the same day that the Court held its first status conference, their intervention shall not cause any undue delay or prejudice to any other party."); Foster v. Gueory, 655 F.2d 1319, 1324 (D.C. Cir. 1981) (granting motion to intervene filed approximately ten months after the filing of the complaint); Grumman Flxible Corp. v. Dole, 102 F.R.D. 36, 38 (D.D.C. 1983) (intervention sought after defendant filed summary judgment motion timely).

Plaintiffs' opposition to intervention ignores "[t]he most important consideration" in evaluating timeliness of an intervention motion: whether the timing of Applicants' intervention would prejudice any existing party. 7C Wright & Miller, Federal Practice and Proc., § 1916 at 17880 (2005). Any claim of prejudice would find no support. Applicants will abide by the January 29, 2007 scheduling order entered by this Court, which does not provide for any briefing

2

on the merits until June 15, 2007. Because "the existing parties have [not] joined issue in the pleadings" and "intervention will not delay the termination of the litigation," Applicants' motion to intervene is "clearly timely." Id.; see also Admiral Ins. Co. v. National Cas. Co., 137 F.R.D. 176, 177 (D.D.C. 1991) (motion to intervene was timely where "[t]he major substantive issues … have not yet been argued or resolved, and the movants filed their motions promptly").

Because Applicants have expeditiously sought to protect their interests through intervention, and because any purported delay in moving for intervention works no prejudice on the existing parties to this action, Applicants' motion is timely.

### B. Applicants Have Legally Protectable Interests in Protecting Cabinet-Yaak and Selkirk Grizzly Bears from Jeopardy Due to Both the Challenged Federal Action and Potential Future Federal Actions.

Plaintiffs argue that because Plaintiffs in the instant case and Applicants in their pending Ninth Circuit litigation both seek to set aside the 2004 Biological Opinion, Applicants lack sufficient interest in this case to support intervention.[1] Opp. at 4-5. Plaintiffs ignore the fact that if this Court were to set aside the 2004 Biological Opinion on Plaintiffs' theory that it is too protective of individual grizzly bear populations, Applicants' effort to seek stronger protections for these individual grizzly bear populations in the separate litigation would be rendered meaningless. Further, if adopted by the Court, Plaintiffs' position would hinder Applicants' ability to protect imperiled grizzly bear populations, including the Cabinet-Yaak and Selkirk populations, from potential jeopardy due to future federal actions. Because "the disposition of the action may as a practical matter impair or impede [Applicants'] ability to protect [their]

---

[1] Plaintiffs argue that Applicants' interest in setting aside the 2004 biological opinion is adequately represented by Plaintiffs, but subsequently argue that Applicants' interest in upholding the 2004 biological opinion is adequately represented by FWS. Applicants' clear and distinct interest in protecting Cabinet-Yaak and Selkirk grizzly bear populations is not shared by any existing party to the litigation.

3

interest," Applicants' motion to intervene should be granted. <u>Fund for Animals</u>, 322 F.3d at 735 (quoting Fed. R. Civ. P. 24(a)(2)).

### C. Applicants' Dual Interests Are Not Adequately Represented By Existing Parties.

Plaintiffs argue that Applicants have not made the "minimal" showing that the representation of their interests by the defendant U.S. Fish and Wildlife Service ("FWS") "may be" inadequate. <u>Trbovich v. United Mine Workers</u>, 404 U.S. 528, 538 n.10 (1972); <u>see</u> Opp. at 5. To the contrary, the circumstances of the proposed intervention fit squarely within this Court's unbroken line of authority recognizing that government representation of private interests is inadequate for purposes of the Rule 24(a) intervention analysis. <u>See</u> Memorandum of Points and Authorities in Support of Motion of Cabinet Resource Group, et al., to Intervene ("Memo"), at pp. 13-14. Plaintiffs' attempt to distinguish three of these cases, <u>see</u> Opp. at 6-7, fails because each stands for the precise principle implicated here: the U.S. government, charged with protecting the public interest generally, does not adequately represent the interest of a would-be intervenor with a narrower interest.

Plaintiffs do not attempt to distinguish <u>Friends of Animals</u>, which is directly on point. That case involved a challenge to the Department of Interior's decision to exclude three captively bred antelope species from the Endangered Species Act's prohibition on killing and selling endangered species. <u>Friends of Animals v. Kempthorne</u>, 452 F. Supp. 2d 64, 66 (D.D.C. 2006). A trade organization whose members breed and hunt these three antelope species applied for intervention to defend the federal action. <u>Id.</u> at 67. The Court rejected the plaintiffs' argument that the proposed intervenor was adequately represented by the Department of Interior, because "a federal agency's obligation 'is to represent the interests of the American people,' while entities dedicated to hunting and conservation—like proposed intervenors—represent the

4

interests of their members." Id. at 70 (quoting Fund for Animals, 322 F.3d at 736); see also Coalition of Arizona/New Mexico Counties for Stable Econ. Growth v. Dep't of the Interior, 100 F.3d 837, 845 (10th Cir. 1996) ("[T]he governmental agency is seeking to protect not only the interest of the public but also the private interest of the petitioners in intervention, a task which is on its face impossible. … [T]his kind of a conflict satisfies the minimal burden of showing inadequacy of representation.") (citation omitted).

Likewise here, although Applicants and FWS both seek to defeat Plaintiffs' claim that the 2004 Biological Opinion is defective because it analyzes jeopardy to individual grizzly bear populations, their interests are not identical.[2]  As a court of appeals in the D.C. Circuit has explained:

> [S]hared general agreement [between the EPA and] appellants [seeking intervention] that the regulations should be lawful does not necessarily ensure agreement in all particular respects about what the law requires. Without calling the good faith of EPA into question in any way, appellants may well have honest disagreements with EPA on legal and factual matters. … Particular interests, then, always "may not coincide," thus justifying separate representation.

Natural Res. Defense Council v. Costle, 561 F.2d 904, 912 (D.C. Cir. 1977) (quoting Nuesse v. Camp, 385 F.2d 694, 703 (D.C. Cir. 1967)).  It is this divergent interest that entitles Applicants to intervene in this case.  American Horse Protection Ass'n v. Veneman, 200 F.R.D. 153, 159 (D.D.C. 2001) ("merely because parties share a general interest in the legality of a program or regulation does not mean their particular interests coincide so that representation by the agency alone is justified.").  FWS seeks to uphold grizzly bear management in the Cabinet-Yaak

---

[2] Plaintiffs' statement that Applicants must believe "that the United States is going to capitulate in this case simply out of spite for the environmental plaintiffs, which includes Applicants, in the Ninth Circuit and District of Montana suits" is false and misses the point.  Opp. at 6. Applicants seek to intervene to vindicate their unique interests in the subject matter of the litigation, not because they believe FWS will not competently or zealously defend their action.

5

and Selkirk ecosystems; Applicants seek to overturn the current management regime for one that is more protective of grizzly bear habitat.

FWS has frequently failed to take steps to protect the Cabinet-Yaak and Selkirk grizzly bear populations, which conservationists—including some of the Applicants here—have challenged in court. See, e.g., Carlton v. Babbitt, 26 F. Supp. 2d 102 (D.D.C. 1998) (FWS decision not to reclassify Selkirk population from threatened to endangered was arbitrary and capricious); Carlton v. Babbitt, 900 F. Supp. 526 (D.D.C. 1995) (FWS inadequately explained reasoning for its decision not to reclassify Selkirk population as endangered); Fund for Animals v. Babbitt, 903 F. Supp. 96, 115 (D.D.C. 1995) (inadequate population goals for Cabinet-Yaak and Selkirk populations). The situation with respect to the 2004 biological opinion at issue in this case is no different. While FWS has issued a biological opinion addressing the Cabinet-Yaak and Selkirk populations, Applicants deem that biological opinion to be insufficiently protective of those populations to comply with the Endangered Species Act. Accordingly, with respect to the 2004 biological opinion and the Cabinet-Yaak and Selkirk grizzly populations in general, the federal defendants do not adequately represent Applicants' interest.

## II.   APPLICANTS MEET THE REQUIREMENTS FOR PERMISSIVE INTERVENTION

Plaintiffs do not raise any distinct opposition to Applicants' argument, in the alternative, that they should be allowed to permissively intervene pursuant to Rule 24(b). Applicants therefore refer the Court to their opening brief. See Memo at 14-15.

## CONCLUSION

For all of the foregoing reasons, Applicants respectfully request that their motion to intervene as defendants in this case be granted.

DATED this 9th day of February, 2007.

>Respectfully submitted,
>
>_____/s/ Timothy J. Preso_____
>Douglas L. Honnold (D.C. Bar # 468323)
>Timothy J. Preso (D.C. Bar # 456531)
>Jenny K. Harbine
>Earthjustice
>209 South Willson Avenue
>Bozeman, MT  59715
>(406) 586-9699
>Fax: (406) 586-9695
>
>Jason Rylander (D.C. Bar # 474995)
>Defenders of Wildlife
>1130 17th Street NW
>Washington, DC 20036
>(202) 682-9400
>Fax:  (202) 682-1331
>
>*Attorneys for Proposed Defendant-Intervenors*