UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMUNITIES FOR A GREAT NORTHWEST, MOUNTAIN STATES LEGAL FOUNDATION,<br><br>       Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>       Defendants. | Case No. 1:06-CV-01842-RCL<br><br>**Federal Defendants' Motion to Transfer Venue** |

COME NOW, the Federal Defendants, by and through undersigned counsel, and hereby move the Court to transfer the above-captioned action to the United States District Court for the District of Montana, pursuant to 28 U.S.C. § 1404(a).

In support of this motion, Federal Defendants state as follows:

1.    This action could have been brought in the District of Montana because: (a) Plaintiff Communities for a Great Northwest resides there; (b) the United States Fish and Wildlife Service maintains an office there and that office was jointly responsible for the biological opinion at issue in this case; and (c) many of the natural resources at issue in this case are located there.

2.    Transfer to the District of Montana will conserve judicial resources because that court has already heard and resolved two challenges to the biological opinion at issue in this case (in detailed written decisions) and thus is already familiar with its terms and with the administrative record.

3.    The interests of justice also favor transfer to the District of Montana because such

transfer will allow issues about natural resources in Montana to be decided locally.

4. The Plaintiffs will not be inconvenienced by transfer because they either reside in the District of Montana or have significant interests in that district.

Further and additional support is set forth in the accompanying Memorandum in Support of Federal Defendants' Motion to Transfer Venue.

Pursuant to L. Civ. R. 7(m), counsel for the Federal Defendants has conferred with counsel for the Plaintiffs regarding this motion. Plaintiffs' counsel has indicated that the Plaintiffs oppose this motion.

Dated: March 2, 2007

MATTHEW J. MCKEOWN, Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, Assistant Section Chief

/s/ James A. Maysonett
_____
JAMES A. MAYSONETT, Trial Attorney (D.C. Bar 463856)
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7397
Washington, D.C. 20044-7397
Telephone: (202) 305-0216
Facsimile: (202) 305-0275
Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMUNITIES FOR A GREAT NORTHWEST, MOUNTAIN STATES LEGAL FOUNDATION,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>　　　　Defendants. | Case No. 1:06-CV-01842-RCL<br><br>**Federal Defendants' Memorandum in Support of Motion to Transfer Venue** |

## Introduction

　　The Plaintiffs in this case are challenging a biological opinion issued by the United States Fish and Wildlife Service (the "Service") under the Endangered Species Act ("ESA"). Complaint for Declaratory and Injunctive Relief, Docket No. 1 (Oct. 25, 2006) ("Compl."), ¶¶ 1, 2. That biological opinion, issued on February 9, 2004, addresses the effects of motorized access within the Kootenai, Idaho Panhandle, and Lolo National Forests on endangered and threatened species, including two important sub-populations of the grizzly bear. United States Fish and Wildlife Service, Biological Opinion on the Proposed Forest Plan Amendments for Motorized Access Management within the Selkirk and Cabinet-Yaak Grizzly Bear Recovery Zones for the Kootenai, Idaho Panhandle, and Lolo National Forests (Feb. 9, 2004) (the "biological opinion"). The Plaintiffs claim that the biological opinion improperly restricts motorized access to these national forests, Compl. ¶ 39, and violates the ESA. Compl. ¶¶ 45-56, ¶¶ 57-64.

　　This case should be transferred to the United States District Court for the District of Montana for two reasons. First, Chief Judge Molloy of the District of Montana has already

heard and resolved challenges to exactly the same biological opinion in two lengthy, written decisions on summary judgment.  Order, Docket No. 59, *Alliance for the Wild Rockies v. United States Fish and Wildlife Service*, No. 04-216 (D. Mt.) (Aug. 29, 2006) (Molloy, C.J.) ("1st Summ. Judg. Order"); Order, Docket No. 59, *Cabinet Resource Group v. United States Fish and Wildlife Service*, No. 04-236 (D. Mt.) (Dec. 13, 2006) (Molloy, C.J.) ("2nd Summ. Judg. Order").  To do so, Judge Molloy had to review, in great detail, the reasoning and conclusions set out in the biological opinion, as well as the scientific data and discussions contained in the underlying administrative record.  Because Judge Molloy is already very familiar with the issues raised by this biological opinion, it will be more efficient for him to hear these claims, and transferring this case to the District of Montana will serve the interests of judicial economy.  It will also ensure that any relief granted in this case is consistent with his orders in the other cases.

Second, this case has a strong connection with Montana, and no connection at all with the District of Columbia.  The grizzly bears and national forests at issue here are all in Montana or other, nearby states in the Northwest.  The Kootenai and Lolo National Forests, for example, are in Montana.  And most of the "bear management units" of the Cabinet-Yaak sub-population of the grizzly bear are also in Montana.  The remaining resources – the Idaho Panhandle National Forest and the Selkirk sub-population of the grizzly bear – are largely located in neighboring areas of northern Idaho.  The biological opinion itself was jointly prepared by the Service's offices in Spokane, Washington and Kalispell, Montana.  Transferring this case will serve the interests of justice by allowing a local controversy to be resolved in the region that it affects.

**Standard for Transfer**

This Court has the authority to transfer this case under 28 U.S.C. § 1404(a).  Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district
> court may transfer any civil action to any other district or division where it might

have been brought.

"The idea behind § 1404(a) is that where a 'civil action' to vindicate a wrong – however brought in a court – presents issues . . . that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court." *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960).

Before granting a motion to transfer, the Court must determine whether the action could have been brought in the district to which the transfer is sought. *Trout Unlimited v. United States Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616-17 (1964)). If that threshold requirement is met, the decision whether to transfer rests in the sound discretion of the district court.

That discretion should be exercised in light of all the circumstances of a case. *See, e.g., Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 184-85 (1952); *Trout Unlimited*, 944 F. Supp. at 16 (noting that section 1404(a) vests "'discretion in the district court to adjudicate motions to transfer according to individualized, case-by-case consideration of convenience and fairness.'") (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The Court should consider the interests of justice, and the private and public interests. *See, e.g., Hawksbill Sea Turtle v. FEMA*, 939 F. Supp. 1, 3-5 (D.D.C. 1996).

In addition, the required showing for transfer is "substantially diminished where . . . transfer is sought to the forum where plaintiffs reside . . . and the connection between plaintiffs, the controversy, and the chosen forum is attenuated." *Citizen Advocates for Responsible Expansion, Inc. v. Dole*, 561 F. Supp. 1238, 1239 (D.D.C. 1983) (citations omitted).

## Discussion

**1.      This action could have been brought in the District of Montana.**

The "threshold consideration" in determining the appropriateness of transfer under Section 1404(a) is whether the action "could have been brought" in the transferee district. *See Van Dusen*, 376 U.S. at 616 (noting that transfer power is expressly limited by the clause restricting transfer to those districts in which the action "might have been brought."). Thus, the transferee district must have jurisdiction over the case. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

Here, because the Plaintiffs have based their claims on federal question jurisdiction and the grant of jurisdiction under the ESA, Compl. ¶ 7, both this district and the District of Montana properly have jurisdiction over these claims. The relevant question, therefore, is whether venue is proper in the District of Montana. *See, e.g., Martin-Trigona v. Meister*, 668 F. Supp. 1, 4 (D.D.C. 1987).

Under Section 1391(e), venue is proper in the judicial district where (1) "a defendant in the action resides," (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or (3) the "plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1)-(3). Under these provisions, "there may be more than one district in which a claim may be thought to have arisen and in which venue should be proper." 14D Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction and Related Matters* § 3802.1 at 24-27 (3d ed. 2007).

This case could have been brought in the District of Montana under any of these venue provisions. Venue is proper under the first provision because the Service's field office in Kalispell, Montana (as well as other Service personnel in Montana) jointly authored this

biological opinion. Venue is proper under the second provision of Section 1391(e) because, as discussed above, a "substantial part" of the natural resources at issue here are located in Montana (including the Kootenai and Lolo National Forests, and most of the "bear management units" of the Cabinet-Yaak sub-population of the grizzly bear). And venue is proper under the third provision because Plaintiff Communities for a Great Northwest is "headquartered in Libby, Montana," Compl. ¶ 10, and members of Plaintiff Mountain States Legal Foundation live and work in Montana. Compl. ¶ 11.

Given the strong connections between the District of Montana and this case, venue is proper in that district under Section 1391(e). *See, e.g., Trout Unlimited*, 944 F. Supp. at 16 (finding venue proper in the District of Colorado in a case concerning Colorado national forests); *Northwest Forest Res. Council v. Babbitt*, No. Civ. A-93-1579-JHG, 1994 WL 908586, at *2 (D.D.C. Apr. 13, 1994) (finding venue proper in the Western District of Washington for an ESA action involving West Coast marbled murrelet populations, in part because the challenged rule was promulgated with the assistance of government officials based in Washington State). Because venue may be maintained in the forum to which transfer is sought, this threshold requirement is satisfied.[1]

---

[1] The Federal Defendants do not argue that venue is improper in the District of Columbia, simply that it would serve the interests of justice and be more efficient to have this case heard in the District of Montana.

**2.    The interests of justice will be best served by transferring this case to the District of Montana.**

Transfer will serve the interests of justice here by conserving judicial resources. As discussed above, Judge Molloy has already heard two challenges to this biological opinion.[2] In more than 100 pages of analysis in two written decisions, he has reviewed the Service's biological opinion at length, discussing, in detail, grizzly bear mortality and recovery, 1st Summ. Judg. Order at 8-14, the scientific data available on the grizzlies, *id.* at 18-21, and the amendments to the Forest Service's management plans that were the subject of this biological opinion, 2nd Summ. Judg. Order at 3-15. To reach its decisions, that court was also required to complete a thorough investigation of the underlying administrative record. 1st Summ. Judg. Order at 21; *see also* Notice of Lodging of Administrative Record, Docket No. 19, *Alliance for the Wild Rockies v. United States Fish and Wildlife Service*, No. 04-216 (D. Mt.) (Feb. 25, 2005); Notice of Lodging of Administrative Record, Docket No. 10, *Cabinet Resource Group v. United States Fish and Wildlife Service*, No. 04-236 (D. Mt.) (Mar. 3, 2005). Because Judge Molloy is already familiar with the biological opinion and the science behind it, as well as the administrative record, the District of Montana is likely will be able to resolve the present claims more efficiently.

---

[2]In *Alliance for the Wild Rockies v. United States Fish and Wildlife Service*, the court entered summary judgment in favor of the Federal Defendants on all claims. Order, Docket No. 59, *Alliance for the Wild Rockies v. United States Fish and Wildlife Service*, No. 04-216 (D. Mt.) (Aug. 29, 2006). The plaintiffs in that case have appealed that decision, and the appeal is still pending. *Id.*, Docket No. 60 (Oct. 25, 2006) (notice of appeal). In *Cabinet Resource Group v. United States Fish and Wildlife Service*, the court entered summary judgment in favor of the Federal Defendants on the ESA claims, but granted summary judgment to the plaintiffs on claims brought under the National Environmental Policy Act ("NEPA"). Order, Docket No. 59, *Cabinet Resource Group v. United States Fish and Wildlife Service*, No. 04-236 (D. Mt.) (Dec. 13, 2006). The court then remanded the Forest Service's Final Environmental Impact Statement ("FEIS") and Record of Decision ("ROD") to the agency for additional analysis consistent with its opinion. *Id.* at 65. The plaintiffs have appealed that decision, and the remand has not yet been completed. *Id.*, Docket No. 70 (Feb. 16, 2007) (notice of appeal).

As the Plaintiffs will probably point out, the challenges in the two District of Montana cases were brought by environmental groups who believed that this biological opinion was not protective enough. The Plaintiffs here, in contrast, believe that this opinion is too severe, and improperly restricts motorized access to these national forests. Compl. ¶ 39. But while the claims are different, the biological opinion, the record, and the relevant scientific issues are the same. For example, Judge Molloy has already considered the key scientific study supporting the Service's analysis of the effects of motorized access on these grizzly bears, 2nd Summ. Judg. Order at 7-8, 30-41, and the Service's own analysis of that study and its limitations. *Id.* at 31-32. That issue is likely to be central to this case too, and Judge Molloy is already familiar with it. For these reasons, transfer will conserve judicial resources.

Transfer will also serve the interests of justice by allowing a local controversy to be resolved in the region that it affects. As the Supreme Court has noted:

> In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947); *see also Oil, Chemical & Atomic Workers v. NLRB*, 694 F.2d 1289, 1300 (D.C. Cir. 1982) (directing courts to consider "whether the impact of the litigation is local to one region . . . ."); *Airport Working Group, Inc. v. United States Dep't of Defense*, 226 F. Supp.2d 227, 231 (D.D.C. 2002) (granting motion to transfer in part because, "[i]n contrast to the attenuated connection to the District of Columbia, the issues raised by this lawsuit are of great concern to the residents of Orange County"); *Citizen Advocates for Responsible Expansion*, 561 F. Supp. at 1240 (noting that justice requires that localized controversies be decided at home). Thus, this Court has held that "suits such as this one, which involve water rights, environmental regulation, and local wildlife – matters that are of great importance in [their State of origin] – should be resolved in the forum where the people 'whose

7

rights and interests are in fact most vitally affected by the suit'" reside.[3/]  *Trout Unlimited*, 944 F. Supp. at 19-20 (quoting *Adams v. Bell*, 711 F.2d 161, 167 n. 34 (D.C. Cir. 1983)).  Here, the grizzly bears and the national forests at issue in this case are in Montana (or neighboring Idaho), not the District of Columbia, and it will serve the interests of justice to allow the District of Montana to decide these local issues.

> 3. **The Plaintiffs' choice of forum is not entitled to much deference here.**

The deference owed to the Plaintiffs' choice of forum is "substantially diminished" here because they have sued in a district that they "neither reside in, nor have any substantial connection to."  *California Farm Bureau Fed'n v. Badgley*, No. 02-2328 (RCL), 2005 WL 1532718 (D.D.C. June 29, 2005) (Lamberth, J.), at *3.  The Court also need not defer to the plaintiffs' choice of forum where (1) the plaintiffs' chosen forum has "no meaningful ties to the controversy and no particular interest in the parties or subject matter"; (2) "plaintiff[s'] choice . . . has no factual nexus to the case"; and (3) "transfer is sought to the forum with which plaintiffs have substantial ties and where the subject matter of the lawsuit is connected to that state." *Trout Unlimited*, 944 F. Supp. at 17 (internal quotations omitted); *see also Airport Working Group*, 226 F. Supp.2d at 229-230; *Hawksbill Sea Turtle*, 939 F. Supp. at 3; *Citizen Advocates for Responsible Expansion*, 561 F. Supp. at 1239; *Armco Steel Co. v. CSX Corp.*, 790 F. Supp. 311, 323 (D.D.C. 1991) (deference to plaintiff's choice of forum is "greatly diminished" when

---

[3/]This Court has applied this principle in many cases and transferred environmental claims to the forum where the alleged environmental impacts would occur.  *See, e.g., Seariver Maritime Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 9 (D.D.C. 1997) (transferring a challenge to a federal law barring the former Exxon Valdez from operating in Prince William Sound, Alaska, to the District of Alaska); *Trout Unlimited*, 944 F. Supp. at 20 (transferring a challenge to the United States Forest Service's granting of easements for the operation of a dam in Colorado to the District of Colorado); *Hawksbill Sea Turtle*, 939 F. Supp. 1 (transferring an ESA challenge to a housing project in the Virgin Islands to the District Court of the Virgin Islands); *Northwest Forest Resource Council*, 1994 WL 908586, at *2 (transferring venue to the Western District of Washington for an ESA action involving West Coast marbled murrelet populations).

the events have little connection to the chosen forum); *Harris v. Republic Airlines*, 699 F. Supp. 961, 963 (D.D.C. 1988) (deference overcome where plaintiff's choice of forum "has no factual nexus to the case . . . ."); *Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 6 (D.D.C. 1996) (holding that "deference is mitigated where the plaintiff's choice of forum 'has no meaningful ties to the controversy and no particular interest in the parties or subject matter.'") (citations omitted).

Here, this case has no meaningful connection with the District of Columbia: none of the natural resources at issue are here, neither of the Plaintiffs are headquartered here, and the Service personnel that wrote the biological opinion are not here. The United States Fish and Wildlife Service does maintain offices in the District of Columbia, which is the only reason why this case could be brought here at all. But this biological opinion was not written in the Service's D.C. offices, and their mere presence is not enough to establish a significant connection between this venue and these claims.

Moreover, the argument that venue is best in the District of Columbia because the Service's headquarters are here, taken to its logical conclusion, could support keeping almost any case brought against the Federal government in this forum. That is a result, however, that this Court has already rejected. In *Sierra Club v. Flowers*, 276 F. Supp. 2d 62 (D.D.C. 2003), the Sierra Club argued that venue was proper in the District of Columbia because "defendants are federal officials located in [D.C.]" and because the Florida Everglades are an "American treasure" of national interest. The Court rejected that argument, finding that the plaintiffs' choice of forum merited "little deference," because "precedent in this circuit does not require or even encourage resolution in this forum of [ESA] and other environmental claims involving nationally known resources." *Id.* at 68. Instead, the Court transferred that matter to the Southern District of Florida, where the Everglades are actually located.

Finally, any deference owed to the Plaintiffs' choice of forum is further diminished because we are seeking transfer to the Plaintiffs' home forum. *See Airport Working Group of Orange County, Inc. v. United States Dep't of Defense*, 226 F. Supp. 2d 227 (D.D.C. 2002). Plaintiff Communities for a Great Northwest is "headquartered in Libby, Montana," Compl. ¶ 10, and Plaintiff Mountain States Legal Foundation, while its principal place of business is in Colorado, has members "throughout the United States, particularly the American West, including the States of Washington, Idaho, Montana, and Wyoming." Compl. ¶ 11. If anything, the District of Montana should be more convenient for these Plaintiffs, neither of which resides in the District of Columbia.[4] *See also Pyrocap Int'l Corp. v. Ford Motor Co.*, 259 F. Supp.2d 92, 95 (D.D.C. 2003) (stating that "'substantially less deference is warranted when the forum preferred by the plaintiff is not his home forum.'") (quoting *Gemological Inst. of Am. v. Thi-Dai Phan*, 145 F. Supp.2d 68, 71 (D.D.C. 2001)); *DeLoach v. Phillip Morris Cos.*, 132 F. Supp.2d 22, 24 (D.D.C. 2000) (finding that "numerous cases in this Circuit recognize that such a choice receives substantially less deference where the plaintiffs, as here, neither reside in, nor have any substantial connection to, that forum.").

**Conclusion**

The only connection between this case and the District of Columbia is the fact that the United States Fish and Wildlife Service (like many Federal agencies) has its headquarters here. In contrast, the connections between this case and the District of Montana are overwhelming: the natural resources at issue are largely located in Montana, one of the Plaintiffs has its headquarters there, and this biological opinion was written, at least in part, by Service personnel in Montana. Moreover, Judge Molloy in the District of Montana has already resolved two cases

---

[4] The convenience of witnesses is not a factor because judicial review in this matter is limited to the administrative record (and there will be no witnesses).

challenging this very biological opinion and is familiar with its analysis and the underlying administrative record. For these reasons, and all of the reasons discussed above, the interests of justice strongly favor the transfer of this case to the District of Montana.

    Dated: March 2, 2007

    MATTHEW J. MCKEOWN, Acting Assistant Attorney General
    United States Department of Justice
    Environment and Natural Resources Division
    JEAN E. WILLIAMS, Chief
    LISA L. RUSSELL, Assistant Section Chief

       /s/ James A. Maysonett
    _____
    JAMES A. MAYSONETT, Trial Attorney (D.C. Bar 463856)
    Wildlife and Marine Resources Section
    Benjamin Franklin Station, P.O. Box 7397
    Washington, D.C. 20044-7397
    Telephone: (202) 305-0216
    Facsimile: (202) 305-0275
    Attorneys for Federal Defendants

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMUNITIES FOR A GREAT NORTHWEST, MOUNTAIN STATES LEGAL FOUNDATION,<br><br>          Plaintiffs,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>          Defendants. | Case No. 1:06-CV-01842-RCL<br><br>**[Proposed] Order** |

This matter having come before the Court on the Federal Defendants' Motion to Transfer Venue, the Court finds that the above action could have been brought in the United States District Court for the District of Montana, and that the interests of justice warrant transfer to that court.

Therefore, pursuant to 28 U.S.C. § 1404(a), it is hereby **ORDERED** that the motion to transfer all further proceedings in this case to the District of Montana is **GRANTED**.

**IT IS SO ORDERED**,

_____        _____
Dated                                                              Royce C. Lamberth
                                                                          United States District Judge