Ronald W. Opsahl, Esq.
William Perry Pendley, Esq. (D.C. Bar No. 378906)
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
ropsahl@mountainstateslegal.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMUNITIES FOR A GREAT NORTHWEST and MOUNTAIN STATES LEGAL FOUNDATION,  <br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*<br><br>Defendants. | Case No. 1:06-CV-01842-RCL<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY BRIEFING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

Plaintiffs, Communities for a Great Northwest and Mountain States Legal Foundation (collectively "CGNW"), by and through their attorneys, hereby file their Opposition to Defendants' Motion to Stay Briefing on Cross-Motions for Summary Judgment ("Motion to Stay"), Doc. No. 34. A stay at this late stage is unnecessary and would serve only to delay a decision on the merits of the case; therefore, Defendants' Motion should be denied.

**ARGUMENT**

**I.    Introduction.**

On October 26, 2006, CGNW filed suit against Defendants challenging the Fish and Wildlife Service's ("FWS's") policy of utilizing subpopulations of grizzly bear as the basis for

analysis in fulfilling the consultation requirements of the Endangered Species Act ("ESA"), specifically in regards to the 2004 Biological Opinion issued relating to motorized access in the Lolo, Kootenai, and Idaho Panhandle National Forests ("2004 BiOp").

On January 2, 2007, the Court issued its Order requiring the Parties to conduct a "meet and confer" conference, pursuant to Local Rule 16, and to file a proposed scheduling order on or before January 29, 2007. Doc. No. 15. Pursuant to that Order, the Parties conferred on January 17, 2007, and filed their proposed schedule on January 26, 2007. Doc. No. 17. This Court issued its scheduling order on January 29, 2007. Doc. No. 18. All activities to date have been completed, and all that remains is for the parties to file their cross-motions for summary judgment. Plaintiffs' Motion for Summary Judgment is due June 15, 2007, and is filed concurrently herewith.

On January 23, 2007, Cabinet Resource Group, Great Bear Foundation, Idaho Conservation League, Selkirk Conservation Alliance, Natural Resources Defense Council, and Defenders of Wildlife moved to intervene as defendants. Doc. No. 16. Plaintiffs have opposed intervention by these groups. Doc. No. 19. This Motion remains pending before this Court.

On March 2, 2007, Defendants moved to transfer this case from this Court to the District of Montana. Doc. No. 22. Plaintiffs oppose the transfer of this case. Doc. No. 23. This Motion remains pending before this Court.

On April 12, 2007, Plaintiffs moved to file a First Amended Complaint. Doc. No. 27. Their motion was granted on April 23, 2007, and their Amended Complaint was filed later that day. Doc. Nos. 30, 31. Defendants filed their Answer on May 8, 2007. Doc. No. 32.

On June 7, 2007, just eight days before Plaintiffs' Motion for Summary Judgment was due, Defendants moved to stay briefing in this case. Doc. No. 34. Defendants cite four reasons

necessitating a stay: (1) to allow for the resolution of Applicants in Intervention's Motion to Intervene; (2) to permit Applicants in Intervention to file an Answer to Plaintiffs' First Amended Complaint; (3) to allow for the resolution of Defendants' Motion to Transfer; and (4) to allow for the resolution of Defendants' expected motion to dismiss. None of these proffered reasons for stay outweighs the substantial delay that would be imposed. Therefore, Defendants' Motion should be denied.

II.     **The Argument That Is Expected To Be Contained Within Defendants' Motion To Dismiss Should Be Proffered in Their Cross-Motion for Summary Judgment.**

Defendants are foreclosed from filing a motion to dismiss, having already interposed an Answer. Fed. R. Civ. P. 12(b) ("A motion making an [12(b)] defenses shall be made before pleading if a further pleading is permitted."); *see also* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1361 (Supp. 2002) ("[M]otions raising [a lack of subject matter defense] may be considered by the court even when interposed after the responsive pleading has been filed, although technically [it is] no longer [a] Rule 12(b) motion . . .."). Therefore, because a motion to dismiss is procedurally barred, Defendants should bring their arguments in the form of a cross-motion for summary judgment.

Plaintiffs expect Defendants to argue that this case is moot because the FWS has purportedly withdrawn the 2004 BiOp, which is the subject of this suit. This argument should be rejected, however, because Defendants' voluntary cessation of a challenged practice ordinarily will not deprive a federal court of its power to determine the legality of the practice. *Friends of Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 189 (2000); *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 221–222 (2000) (*per curiam*); *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982); *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953) ("[V]oluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to

3

hear and determine the case, *i.e.*, does not make the case moot[,] . . . [because a] controversy . . . remain[s] to be settled in such circumstances, . . . *e.g.*, a dispute over the legality of the challenged practices."). "If it did, courts would be compelled to leave the defendant free to return to its old ways." *Laidlaw Envtl. Servs.*, 528 U.S. at 189. "Thus, the standard for determining whether a case has been mooted by the defendant's voluntary conduct is stringent." *Id.* Indeed, "[v]oluntary cessation of challenged conduct moots a case . . . only if it is '*absolutely* clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Adarand*, 528 U.S. at 222 (quoting *United States v. Concentrated Phosphate Export Ass'n, Inc.*, 393 U.S. 199, 203 (1968) (emphasis in original). Moreover, the "heavy burden of persua[ding] the court that the challenged conduct cannot reasonably be expected to start up again *lies with the party asserting mootness*." *Adarand*, 528 U.S. at 222 (citing *Laidlaw Envtl. Servs.*, 528 U.S. at 189; *Concentrated Phosphate*, 393 U.S. at 203) (internal quotation omitted) (emphasis in original).

Based upon the more than 20-year practice of utilizing subpopulations of grizzly bear during Section 7 consultations, it challenges credulity to believe that the FWS will now cease its unlawful behavior and issue a revised BiOp in full compliance with the ESA. Moreover, the reason for the purported withdrawal was not because of some adjudicated flaw with the 2004 BiOp, but was because the Forest Service intends to reinitiate consultation on the affects of motorized access within the Kootenai National Forest. Motion to Stay at Ex. 1. Indeed, it is probable that the FWS will utilize subpopulations of grizzly bear as the basis for this "new" consultation, the very practice that Plaintiffs challenge in this suit. Accordingly, Defendants will not be able to meet their "heavy burden" of persuading this Court that it is "absolutely clear" that the challenged actions, *i.e.*, the use of subpopulations during Section 7 consultations, will not

recur. *Adarand*, 528 U.S. at 222; *see also* Mem. of P & A in Supp. of Pl's Motion for Summ. J., filed concurrently, at 16–17.

Thus, because Defendants are barred procedurally from filing a Motion to Dismiss, and because their arguments will fail in any regard, this Court should not grant a stay to resolve Defendants' expected motion to dismiss.

### III. This Court Has Ample Time To Issue Rulings on the Pending Motions to Transfer and to Intervene.

The Parties have agreed upon a generous schedule governing the briefing on the merits of this case; a schedule that was approved by this Court. Under the schedule, Plaintiffs are to file their Motion for Summary Judgment on or before June 15, 2007. Defendants (and potentially Applicants in Intervention) then have two full months to file their response brief and cross-motion for summary judgment, which are due on or before August 15, 2007.[1] Thus, this Court also has two months in which to rule upon the pending motions to transfer and to intervene.

In any event, a stay in order to resolve the pending motion to transfer would result in unnecessary delay. A court is permitted to transfer a case to another jurisdiction "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). While Plaintiffs believe that a transfer is improper, should this case be transferred to the District of Montana, that court will apply the law of this District. As the Supreme Court has held:

> [I]n cases such as the present, where the defendants seek transfer, the transferee district court must be obligated to apply the [] law that would have been applied if there had been no change of venue. A change of venue under § 1404(a) generally should be, with respect to [] law, but a change of courtrooms.

---

[1] Applicants in Intervention have presumably agreed to abide by this Court's scheduling order and should therefore stand ready to file their Answer to Plaintiffs' First Amended Complaint and their response and cross-motion for summary judgment should their intervention be granted.

5

*Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). Thus, it should matter little to which federal court Defendants file their briefs, as citation to the precedent of the D.C. Circuit is appropriate regardless of which court ultimately hears this case. Moreover, should the Motion to Transfer be granted, the case file as it exists will be forwarded to the receiving court. The receiving court will then entertain the case at the same procedural standpoint that it enjoyed in this Court; the receiving court would, in effect, pick up the briefs and be ready to hear oral argument. Accordingly, a stay in order to resolve the pending motion to transfer would unnecessarily delay these proceedings.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion to Stay Briefing on Cross-Motions for Summary Judgment be denied.

DATED this 13th day of June 2007.

Respectfully Submitted By:

MOUNTAIN STATES LEGAL FOUNDATION


/s/ Ronald W. Opsahl
Ronald W. Opsahl, Esq.
William Perry Pendley, Esq. (D.C. Bar No. 378906)
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 13th day of June 2007, I filed the attached Opposition to Defendants' Motion to Stay Briefing on Cross-Motions for Summary Judgment electronically through the CM/ECF system, which caused the following to be served by electronic means:

Joseph H. Kim, Esq.
James A. Maysonett, Esq.
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7397
Washington, D.C. 20044
(202) 305-0207
(202) 305-0275 (facsimile)
joseph.kim@usdoj.gov

Timothy J. Preso, Esq.
Douglas L. Honnold, Esq.
Jenny K. Harbine, Esq.
Earthjustice
209 South Willson Avenue
Bozeman, Montana 59715
(406) 586-6999
(406) 586-9695 (facsimile)
tpreso@earthjustice.org

Jason Rylander, Esq.
Defenders of Wildlife
1130 17th Street NW
Washington, D.C. 20036
(202) 682-9400
(202) 682-1331 (facsimile)
jrylander@defenders.org

                                                    /s/ Ronald W. Opsahl
                                                    Ronald W. Opsahl, Esq.
                                                    MOUNTAIN STATES LEGAL FOUNDATION
                                                    2596 South Lewis Way
                                                    Lakewood, Colorado 80227
                                                    (303) 292-2021
                                                    (303) 292-1980 (facsimile)
                                                    ropsahl@mountainstateslegal.com

                                                    Attorney for Plaintiffs