Ronald W. Opsahl, Esq.
William Perry Pendley, Esq. (D.C. Bar No. 378906)
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
ropsahl@mountainstateslegal.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMUNITIES FOR A GREAT NORTHWEST and MOUNTAIN STATES LEGAL FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.* <br><br> Defendants. | Case No. 1:06-CV-01842-RCL <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

Plaintiffs, Communities for a Great Northwest and Mountain States Legal Foundation (collectively "CGNW"), by and through their attorneys, hereby file their Opposition to Defendants' Motion to Dismiss, Doc. No. 38. Defendants' purported voluntary cessation of their unlawful activity is not a basis for dismissal; therefore, Defendants' Motion must be denied.

## INTRODUCTION

On October 26, 2006, CGNW filed the instant lawsuit, challenging the United States Fish and Wildlife Service's ("FWS's") practice of utilizing as the basis for analysis non-listed subpopulations of grizzly bear. Doc. No. 1. Specifically, CGNW challenged a biological

opinion ("BiOp") issued by the FWS in 2004 (the "2004 BiOp"). *Id.* at ¶¶ 1–6. On December 20, 2006, Defendants filed their Answer. Doc. No. 14.

On April 12, 2007, CGNW moved this Court for leave to file an Amended Compliant. Doc. No. 27. On April 18, 2007, the Forest Supervisor, Kootenai National Forest, purportedly notified the FWS of his intention to reinitiate consultation in conjunction with the preparation of a supplemental environmental analysis. Motion to Dismiss at Ex. 1. On April 23, 2007, this Court granted CGNW's motion to file an amended complaint, which was entered later that day. Doc. Nos. 30, 31.

On May 8, 2007, Defendants filed their Answer to CGNW's First Amended Complaint. Doc. No. 32. Nine days later, on May 17, 2007, the FWS purportedly withdrew the biological opinion challenged by CGNW. Motion to Dismiss at Ex. 2. Although the Kootenai National Forest Supervisor had notified the FWS of his intent to reinitiate consultation, Defendants did not attempt to challenge this Court's jurisdiction before filing their Answer.

On June 7, 2007, one month after filing their Answer, Defendants moved this Court to stay the proceedings, *inter alia*, in anticipation of their filing a Motion to Dismiss. Doc. No. 34. On June 13, 2007, CGNW filed its opposition the Motion for Stay. Doc. No. 35. Further, on June 13, 2007, CGNW filed its Motion for Summary Judgment. Doc. No. 37. On June 15, 2007, Defendants filed the instant Motion to Dismiss. CGNW now files its opposition.

## ARGUMENT

I. **Defendants' Mootness Argument Should Be Proffered in Their Cross-Motion for Summary Judgment.**

Defendants are foreclosed from filing a motion to dismiss, having already interposed an Answer. Fed. R. Civ. P. 12(b) ("A motion making an [12(b)] defenses shall be made before pleading if a further pleading is permitted."); *see also* 5A Charles Alan Wright & Arthur R.

Miller, *Federal Practice and Procedure* § 1361 (Supp. 2002) ("[M]otions raising [a lack of subject matter defense] may be considered by the court even when interposed after the responsive pleading has been filed, although technically [it is] no longer [a] Rule 12(b) motion . . . ."). Therefore, because a motion to dismiss is barred procedurally, Defendants should bring their arguments in the form of a cross-motion for summary judgment, which is currently scheduled to be filed on or before August 15, 2007.

II. **Despite the Purported Withdrawal of the 2004 BiOp, This Case Is Not Moot, as the Voluntary Cessation of a Challenged Action May Moot a Case Only if it Is Absolutely Clear that the Violation Could Not Reasonably Be Expected to Recur.**

Defendants suggest that this case is moot because the FWS has purportedly withdrawn the 2004 BiOp, which is the subject of this suit. This argument must be rejected, however, because Defendants' voluntary cessation of a challenged practice ordinarily will not deprive a federal court of its power to determine the legality of the practice. *Friends of Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 189 (2000); *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 221–222 (2000) (*per curiam*); *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982); *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953) ("[V]oluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot[,] . . . [because a] controversy . . . remain[s] to be settled in such circumstances, . . . *e.g.*, a dispute over the legality of the challenged practices."). "If it did, courts would be compelled to leave the defendant free to return to its old ways." *Laidlaw Envtl. Servs.*, 528 U.S. at 189. "Thus, the standard for determining whether a case has been mooted by the defendant's voluntary conduct is stringent." *Id.* Indeed, "[v]oluntary cessation of challenged conduct moots a case . . . only if it is '*absolutely* clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Adarand*, 528 U.S. at 222 (quoting *United States v. Concentrated Phosphate Export Ass'n, Inc.*, 393 U.S. 199, 203 (1968) (emphasis in original).

Moreover, the "heavy burden of persua[ding] the court that the challenged conduct cannot reasonably be expected to start up again *lies with the party asserting mootness.*" *Adarand*, 528 U.S. at 222 (citing *Laidlaw Envtl. Servs.*, 528 U.S. at 189; *Concentrated Phosphate*, 393 U.S. at 203) (internal quotation omitted) (emphasis in original). Defendants cannot met this "heavy burden."

As a preliminary matter, Defendants imply that "it may be inappropriate for a judicial body to apply the voluntary cessation exception . . . to the executive branch of government." Motion to Dismiss at 9. It is not "inappropriate," it is required, as Defendants know well. To support their baseless assertion, Defendants cite *Clarke v. United States*, 915 F.2d 699, 705 (D.C. Cir. 1990) which involved the cessation exception as applied against Congress, and is thus inapposite. Plus, *Clarke* was issued ten years before the Supreme Court's decision in *Adarand*, which upheld the cessation exception against the Secretary of the U.S. Department of Transportation. Thus, the Supreme Court has applied the exception against a Cabinet-level Executive Officer; accordingly, it applies against Defendants.

Defendants also argue, "Such a finding of mootness is fully in accord with cases from other circuits holding that a challenge to a BiOp is moot upon the reinitiation of consultation and/or the Service's issuance of a superseding BiOp." Motion to Dismiss at 7. In support of their argument, Defendants cite several cases, all of which are easily distinguished. In *Forest Guardians v. United States Forest Service*, 329 F.3d 1089 (9th Cir. 2003), *American Rivers v. National Marine Fisheries Service*, 126 F.3d 1118 (9th Cir. 1997), and *Idaho Department of Fish and Game v. National Marine Fisheries Service*, 56 F.3d 1071 (9th Cir. 1995), the challenged BiOps had been superseded by the issuance of a new BiOp. Thus, the Ninth Circuit held the challenges to the earlier BiOps moot. Here, however, the FWS has not yet issued a superseding

4

BiOp. In *Southern Utah Wilderness Alliance v. Smith*, 110 F.3d 724 (10th Cir. 1997), the court held that a challenge regarding the timing of informal consultation was moot once the consultation was complete. Here, there has not yet been a renewed consultation. Finally, in *Greenpeace Foundation v. Mineta*, 122 F.Supp.2d 1123 (D.Haw. 2000), the court did not find plaintiff's Section 7 claim moot. Instead, the court rejected the assertion of mootness, noting that the existence of an allegedly inadequate BiOp preserved the justiciability of the claim. *Id.* at 1128. The *Greenpeace* court also rejected the National Marine Fisheries Service's ("NMFS's") mootness assertions as they related to Section 9 and National Environmental Policy Act ("NEPA") claims. The court noted that NMFS "had not taken official action to effectuate its intent [to close the challenged fishery], such as by publication in the *Federal Register* of a proposed of final rule implementing the closure." *Id.* at 1129. Thus, according to the court, NMFS was "free to return to its illegal action at any time." *Id.* (quoting *Public Utils. Comm'n v. Federal Energy Regulatory Comm'n*, 100 F.3d 1451, 1460 (9th Cir. 1996)). The *Greenpeace* court did, however, find one claim moot. That claim was moot, according to the court, because the plaintiff did not seek a judicial determination that the past consultation was inadequate, and NMFS had already reinitiated consultation. Thus, the court held, "It would serve no purpose to order NMFS to do what it has already done." *Id*. at 1128. In the instant case, however, CGNW has sought a judicial determination that the past consultation was unlawful, and hence, inadequate. Thus, the holding regarding the single claim held moot in *Greenpeace* is inapposite.

Defendants have attached to their Motion to Dismiss a photocopy of a Memorandum purportedly issued by the Director of the FWS and dated March 6, 2006.[1] Motion to Dismiss at Ex. 3. This Memorandum, according to Defendants, shows that the FWS has discontinued its

---

[1] This Memorandum was not included in the Administrative Record filed with this Court. Doc. No. 26.

unlawful practice of utilizing non-listed subpopulations of listed species during Section 7 consultations. Defendants have presented no evidence, however, proving that the FWS has, in fact, discontinued its practice of using subpopulations during Section 7 consultations. They have provided no biological opinion, issued after March 6, 2006, the date of the purported change of policy, showing that the FWS is analyzing a proposal's potential effects on the entirety of the listed species of grizzly bear. Again, Defendants have the "heavy burden of persua[ding] the court that the challenged conduct cannot reasonably be expected to start up again." *Adarand*, 528 U.S. at 222. Because they have presented no evidence that the challenged unlawful conduct has been discontinued, beyond a photocopy of a Memorandum purportedly issued by the Director of the FWS, they have failed to meet their heavy burden.[2]

Moreover, based upon the more than 20-year practice of utilizing subpopulations of grizzly bear during Section 7 consultations, it stretches credulity that the FWS will now cease its unlawful behavior and issue a revised BiOp in full compliance with the ESA. The reason for the purported withdrawal of the 2004 BiOp was not because of some adjudicated flaw with the 2004 BiOp, but, instead, was a result of the District of Montana's decision in *Cabinet Resources Group v. United States Fish and Wildlife Service*, 04-cv-236 (D.Mont. Dec. 13, 2006), which found the Forest Service's NEPA analysis insufficient. Pursuant to that court's order, the Forest Service intends to revise its environmental analysis of its Forest Plan Amendments and, in conjunction with that revised analysis, reinitiate consultation on the effects of motorized access

---

[2] CGNW suggests that limited discovery may be warranted should this Court find that the Memorandum is evidence that the challenged conduct has, indeed, been discontinued. This discovery would include a request for production of all biological opinions issued after March 6, 2006, which have included an analysis regarding grizzly bear. Because of the relatively short period of time involved, approximately 15 months between the March 6, 2006, Memorandum and the present, CGNW expects there to have been only a relatively few BiOps issued during the period in question. Thus, a review of these documents should be completed in short order.

within the Kootenai National Forest. Motion to Dismiss at Ex. 1. Because the District of Montana has already upheld the 2004 BiOp, on grounds unrelated to this suit, it is probable that the FWS will utilize subpopulations of grizzly bear as the basis for this "new" consultation, the very practice that CGNW challenges in this suit.

Accordingly, Defendants cannot meet their "heavy burden" of persuading this Court that it is "absolutely clear" that the challenged actions, *i.e.*, the use of subpopulations during Section 7 consultations, will not recur. *Adarand*, 528 U.S. at 222; *see also* Mem. of P & A in Supp. of Pl's Motion for Summ. J., Doc. No. 37, at 16–17. Thus, because Defendants were procedurally barred from filing a Motion to Dismiss, and because their arguments fail in any regard, this Court should deny Defendants' Motion to Dismiss.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion to Dismiss be denied.

DATED this 22nd day of June 2007.

Respectfully Submitted By:

MOUNTAIN STATES LEGAL FOUNDATION

/s/ Ronald W. Opsahl
Ronald W. Opsahl, Esq.
William Perry Pendley, Esq. (D.C. Bar No. 378906)
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 22nd day of June 2007, I filed the attached Opposition to Defendants' Motion to Dismiss electronically through the CM/ECF system, which caused the following to be served by electronic means:

Joseph H. Kim, Esq.
James A. Maysonett, Esq.
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7397
Washington, D.C. 20044
(202) 305-0207
(202) 305-0275 (facsimile)
joseph.kim@usdoj.gov

Timothy J. Preso, Esq.
Douglas L. Honnold, Esq.
Jenny K. Harbine, Esq.
Earthjustice
209 South Willson Avenue
Bozeman, Montana 59715
(406) 586-6999
(406) 586-9695 (facsimile)
tpreso@earthjustice.org

Jason Rylander, Esq.
Defenders of Wildlife
1130 17th Street NW
Washington, D.C. 20036
(202) 682-9400
(202) 682-1331 (facsimile)
jrylander@defenders.org

                                              /s/ Ronald W. Opsahl
                                              Ronald W. Opsahl, Esq.
                                              MOUNTAIN STATES LEGAL FOUNDATION
                                              2596 South Lewis Way
                                              Lakewood, Colorado 80227
                                              (303) 292-2021
                                              (303) 292-1980 (facsimile)
                                              ropsahl@mountainstateslegal.com

                                              Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMUNITIES FOR A GREAT NORTHWEST, ) <br> and MOUNTAIN STATES LEGAL ) <br> FOUNDATION, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> UNITED STATES DEPARTMENT OF THE ) <br> INTERIOR, *et al.*, ) <br>   ) <br> Defendants, ) <br>   ) <br> and ) <br>   ) <br> CABINET RESOURCE GROUP, *et al.*, ) <br>   ) <br> Applicants in Intervention. ) <br> _____) | Case No. 1:06-CV-01842-RCL <br><br> **PROPOSED ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

Upon consideration of Defendants' Motion to Dismiss (Doc. No. 38), Plaintiffs' Opposition, and the record of this case, it is hereby

ORDERED that the Motion is DENIED.

ENTERED this \_\_\_\_\_ day of _____, 2007.

_____
Royce C. Lamberth
UNITED STATES DISTRICT JUDGE