**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMUNITIES FOR A GREAT NORTHWEST, MOUNTAIN STATES LEGAL FOUNDATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>    Defendants. | Case No. 1:06-CV-01842-RCL<br><br>**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |

The Federal Defendants have moved to dismiss this action, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject-matter jurisdiction as this case is now moot. In support of their Motion to Dismiss, and in reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss [Docket No. 39] (the "Opposition"), Federal Defendants submit this reply memorandum in accordance with LCvR 7(d) of the local rules of this Court.

## ARGUMENT

In their Opposition, Plaintiffs raise two issues in their attempt to avoid a jurisdictional dismissal on mootness grounds. One is procedural, the other is substantive, but neither saves this case from dismissal.

**I.    THIS COURT CAN AND SHOULD ADDRESS THE ISSUE OF MOOTNESS NOW AND MUST ADDRESS IT BEFORE ADDRESSING THE MERITS.**

Plaintiffs' procedural claim is that "Defendants are foreclosed from filing a motion to dismiss, having already interposed an Answer." Opposition at 2. But Plaintiffs are incorrect as a matter of law. See Lemon v. Harvey, 448 F. Supp. 2d 97, 100 (D.D.C. 2006) ("A motion to dismiss

for lack of subject matter jurisdiction (Fed.R.Civ.P. 12(b)(1)) can be entertained at any point in the proceedings . . . and courts are charged with dismissing a case sua sponte if it becomes apparent that they lack the subject matter jurisdiction to hear it.") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 126 S. Ct. 1235, 1240 (2006)).

Indeed, Plaintiffs effectively concede this procedural point by conceding that "[m]otions raising [a lack of subject matter defense] may be considered by the court even when interposed after the responsive pleading has been filed . . . ." Opposition at 3 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1361 (Supp. 2002)) (second alteration in Opposition). Plaintiffs' only quibble, it seems, is one of nomenclature. See id. (continuing to quote Wright & Miller, noting that "although technically [it is] no longer [a] Rule 12(b) motion . . . ."). Whatever Federal Defendants' motion "technically" should have been called, both the Rules of Civil Procedure, this Court, and the Supreme Court make clear that this Court may now address the jurisdictional issue of mootness and, indeed, must address this issue before addressing the merits of Plaintiffs' Amended Complaint. See also Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 101 (1998) (holding that a court must address the question of Article III jurisdiction before reaching the merits, thereby rejecting the doctrine of "hypothetical jurisdiction" adopted by some lower courts).

Accordingly, this Court may address this jurisdictional issue now, and need not wait for briefing to be completed on cross-motions for summary judgment.

II. **THE "VOLUNTARY CESSATION" EXCEPTION TO MOOTNESS DOES NOT SAVE PLAINTIFFS' CLAIMS HERE.**

On the substance of this issue of mootness, Plaintiffs do not dispute that their challenge is moot. Instead, they only claim that the "voluntary cessation" exception to mootness applies. See Opposition at 3-7. This claim is without merit.

Plaintiffs' first point in this regard is to challenge Federal Defendants' assertion that "it may be inappropriate for a judicial body to apply the voluntary cessation exception . . . to the executive branch of government." Opposition at 4 (quoting Motion to Dismiss at 9). Plaintiffs do not allege that Clarke v. United States, 915 F.2d 699 (D.C. Cir. 1990), cited by Federal Defendants for this proposition, is no longer good law. Instead, they merely claim that the D.C. Circuit's pronouncement is limited to the application of the voluntary cessation doctrine to the legislative branch, and thus it is somehow "inapposite" to apply the circuit court's reasoning to the executive branch. Opposition at 4. But this circuit's language in Clarke is not so limited. Although that case, in fact, involved the legislature, the court spoke generally about "a coordinate branch of government." 915 F.2d at 705. Under the governmental scheme set forth by the Constitution, the executive branch is no more and no less "a coordinate branch of government" than the legislative branch, with respect to the judicial branch.

Plaintiffs also cite Adarand Constructors, Inc. v. Slater, 528 U.S. 216 (2000), in an attempt to demonstrate that the voluntary cessation exception must apply to the executive branch. Id. While Adarand contains some language that lends some support to this proposition, an analysis of the facts and circumstances of that case make this less than clear. The plaintiff in Adarand had already been denied a construction subcontract even though it was the low bidder, and while that construction contract continued, nothing about plaintiff's subcontract status had changed. See 528 U.S. at 218-

19. Instead, the only thing that had changed was plaintiff's classification for use in awarding such contracts. See id. at 221. Plaintiff still had not been awarded any subcontracts in that continuing construction contract, so it apparently had a continuing injury in fact. Under such facts and circumstances, it is not clear that mootness applied, so there should have been no occasion to address the voluntary cessation exception to mootness. Compare id. at 221-22 ("If this case is moot, it is because the Federal Government has accepted CDOT's certification of petitioner as a disadvantaged business enterprise . . .) with id. at 223 ("Before the Tenth Circuit, respondents took pains to 'expres[s] no opinion regarding the correctness of Colorado's determination that [petitioner] is entitled to [disadvantaged business] status'") (citation omitted; alterations in original).

Fundamentally, however, even assuming that the voluntary cessation exception could apply to the executive branch, it would not apply here. That is because the cessation was not "voluntary" as that term is used in the doctrine. Indeed, Plaintiffs effectively admit as much, noting that the withdrawal of the biological opinion ("BiOp") at issue "was a result of the District of Montana's decision in Cabinet Resources [sic] Group v. United States Fish and Wildlife Service, [465 F. Supp. 2d 1067] (D. Mont. [] 2006)." Opposition at 6. See Center for Biological Diversity v. Lohn, 483 F.3d 984, 989 (9th Cir. 2007) (noting that, in responding to a court order, "the Service did not voluntarily cease applying the challenged . . . Policy . . . . Rather, the Service issued the final rule . . . after reexamining . . . as ordered by the district court . . . . We therefore conclude that the 'voluntary cessation' exception to mootness does not apply."). As Plaintiffs thus apparently recognize, as a result of that case, there is no longer any agency action currently affecting them, and there is likewise presently no agency action for consultation or a resulting biological opinion from

the Fish and Wildlife Service (the "Service"). Under these circumstances, Plaintiffs' claims are now moot, and the voluntary cessation exception has no application.

Indeed, Plaintiffs' Opposition makes plain that there is now no effective relief this Court could provide on Plaintiffs' claims, as their concerns are now apparently limited to some "'new' consultation" that Plaintiffs speculate will occur once some hypothetical "new" agency action is proposed. Opposition at 7. In other words, it is now "absolutely clear" that, in light of the decision in Cabinet Resource Group, the (now indirectly) challenged agency action will not recur and thus its BiOp will likewise not recur. Any declaration regarding the now-withdrawn BiOp would simply be a prohibited advisory opinion, as it would "neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." Transwestern Pipeline Co. v. FERC, 897 F.2d 570, 575 (D.C. Cir. 1990). Similarly, whatever new agency action and corresponding new BiOp that may exist in the future is, at present, purely hypothetical and speculative and, for this same reason, any declaration about these hypothetical and speculative future events would also just be a prohibited advisory opinion. Moreover, in light of the Service's memorandum dated March 6, 2006 (attached to the Motion to Dismiss as Exhibit 3), even Plaintiffs' assumptions about the policies that may be applied to any future BiOp are likewise (at best for Plaintiffs) speculative, as Plaintiffs themselves appear to acknowledge. See Opposition at 6 n.2 (suggesting that "discovery may be warranted" so that they can learn more about this policy). See also Montana Shooting Sports Association v. Norton, 355 F. Supp. 2d 19, 21 n.1 (D.D.C. 2004) (finding the voluntary cessation exception did not apply where there was only speculation rather than a reasonable expectation of future harm), aff'd, 04-5434, 2005 WL 2810686 (D.C. Cir. June 14, 2005), cert. denied, 126 S. Ct. 1458 (2006). If a future BiOp issues, Plaintiffs can then challenge

(if appropriate) whatever policy is then used. For now, however, challenges related to the now-withdrawn BiOp are moot.

## **CONCLUSION**

For the reasons stated above, as well as those set forth in the opening Motion to Dismiss, Federal Defendants respectfully request that this Court dismiss this case, with prejudice.

Dated: July 2, 2007         Respectfully submitted,

RONALD J. TENPAS, Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
JEAN E. WILLIAMS, Chief
SETH M. BARSKY, Assistant Section Chief

   /s/ Joseph H. Kim
JOSEPH H. KIM, Trial Attorney (IL Bar 6243249)
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7397
Washington, D.C. 20044-7397
Telephone: (202) 305-0207
Facsimile: (202) 305-0275

Attorneys for Federal Defendants